UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
FEB 0 5 2026
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5:26-CR-5-KKC

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

CHRISTINA LYNCH     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 18 U.S.C. § 1343, wire fraud.

2. The essential elements of 18 U.S.C. § 1343 are:

    (a) that the defendant knowingly devised or participated in a scheme to defraud in order to deprive another of money or property;

    (b) that the scheme included a material misrepresentation or concealment of a material fact;

    (c) that the defendant had the intent to defraud; and

    (d) that the defendant used or caused another to use a wire, radio or television communications in interstate commerce in furtherance of the scheme.

3. As to Count 1 the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

1

(a) From 2017 to 2024, the Defendant worked for a horse farm in Paris, Kentucky (the "Victim Farm"). The Defendant's job responsibilities included bookkeeping and managing the Victim Farm's expenses.

(b) The Victim Farm gave the Defendant access to a credit card issued by First National Bank of Omaha ("the business credit card"). The business credit card was designated to be used only for the Victim Farm's business expenses.

(c) Between approximately October 2017 through July 2024, the Defendant knowingly devised and participated in a scheme to defraud the Victim Farm and its owners by misusing the business credit card for a variety of personal expenditures.

(d) In furtherance of the scheme, the Defendant used the business credit card to purchase clothing, food, household items, and a variety of other personal goods or services from online retailers such as Amazon, Nordstrom, Instacart, and Lululemon. The Defendant also misused the business credit card to pay for airline tickets and fund a country club membership. To pay the business credit card's balance, the Defendant caused the Victim Farm to send payments from the Victim Farm's bank account to the business credit card account under the materially false pretense that the expenses were farm related.

(e) The Defendant caused a variety of interstate wire transmissions to be used in furtherance of the scheme, including, for instance, when making purchases online, such as the wire transmission identified in Paragraph 5 of the Information, and when causing the Victim Farm to pay off the business credit card's balance.

(f) In total, the Defendant made $691,257.89 in fraudulent expenditures using the business credit card in the course of the scheme.

4. The statutory punishment for Count 1 is imprisonment for not more than 20 years, a fine of not more than $250,000 or twice the gross gain or loss, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

    (a)    United States Sentencing Guidelines (U.S.S.G.), November 1, 2024, manual, will determine the Defendant's guidelines range.

    (b)    Pursuant to U.S.S.G. § 2B1.1(a)(2), the base offense level is 7.

    (c)    Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), increase the offense level by 14 levels because the loss amount was $691,257.89.

    (d)    Pursuant to U.S.S.G. § 3B1.3, increase the offense by 2 levels because the defendant abused a position of private trust in a manner that significantly facilitated the commission or concealment of the offense.

    (e)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    (f)    If the Defendant meets the criteria set forth in U.S.S.G. § 4C1.1(a), decrease the offense level by 2 levels.

    (g)    Pursuant to U.S.S.G. § 5E1.1, restitution is $691,257.89, subject to an offset to determined by the Court at sentencing as described in Paragraph 12 below.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

3

9. The United States will recommend releasing the Defendant on conditions of release for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10. The Defendant consents to the imposition of a forfeiture money judgment in the amount of $691,257.89, which represents the amount of proceeds that the Defendant obtained as a result of the offense to which she is pleading guilty. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2. If the Defendant fails to pay in full the forfeiture money judgment, she consents to the forfeiture of any other property of hers up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to pay restitution in the amount of $691,257.89, pursuant to 18 U.S.C. § 3663(a)(3) and 18 U.S.C. § 3663A(c)(1)(ii), less the value of any money or property that has been paid or returned to the victims. As of the date of this Plea Agreement, the Defendant and the United States further agree that the restitution amount after deducting the value of the money and/or property that has been paid or returned to the victims falls between $234,144.89 and $350,000. The United States and the Defendant will ask the Court to determine the appropriate amount of restitution within this range at sentencing and enter a corresponding restitution order pursuant to 18 U.S.C. § 3663(a)(3) and 18 U.S.C. § 3663A(c)(1)(ii).

13. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before

transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The

Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: 2/5/2026   By: _____
Andrew E. Smith
Assistant United States Attorney

Date: 1/13/26   _____
Christina Lynch
Defendant

Date: 1/16/2026   _____
J. Guthrie True
Attorney for Defendant

8